The last call in our case on our docket today is agenda number 10, case number 105805, people ex rel. Lisa Madigan v. the Honorable James B. Kinzer. Counsel may proceed. Good afternoon, your honors. My name is Eldon Malamuth here today on behalf of the people of the state of Illinois. In this original mandamus action, the people asked the court to direct the circuit court of Iroquois County and the Honorable James B. Kinzer to sentence Respondent Kyle Kissick as statutorily required by the Unified Code of Corrections. In the underlying case, Respondent pled guilty to DUI and was sentenced to court supervision. This court should issue the mandamus order because the plain language of the Unified Code of Corrections precludes that disposition. Under 730 ILCS 5-561D, Respondent was ineligible for court supervision because he had previously pled guilty to reckless driving and that plea was the result of a plea agreement. None of the reasons offered by the circuit court or Respondent excuse the imposition of this disposition, which is specifically barred by statute, and therefore this court should issue the mandamus order. Turning to the language of the statute, section 561D addresses instances in which a defendant charged with driving under the influence is ineligible for court supervision. And as is relevant here, section 561D states that when a defendant is charged with violating 11-501, that's the DUI statute, he is ineligible for court supervision. And the court should issue the mandamus order because the plaintiff has previously pleaded guilty to a violation of section 11-503 of the Illinois Vehicle Code, that's the reckless driving statute, and the plea or stipulation was the result of a plea agreement. As the circuit court itself conceded in this case, literal application, quote, unquote, of section 561D3 would bar court supervision here. And that concession comes out of the plain language of the statute. The language is unambiguous. It states that if there was a plea pursuant to a plea agreement previously to reckless driving, that the subsequent and the defendant subsequently charged with driving under the influence, he's ineligible for court supervision. As this court stated in the People v. Perry case, where the language of the statute is clear and unambiguous, it must be applied as written. Now, Respondent argues that when the statute says the previous plea had to be the result of, quote, a plea agreement, it doesn't actually mean a plea agreement. Rather, it means a certain subset of plea agreements, specifically those plea agreements in which a driving under the influence charge was reduced to reckless driving. But Respondent can point to nothing in the statute which would support that narrow interpretation. And indeed, in Illinois law, the term plea agreement means any plea of guilty in exchange for some consideration. For instance, in the People v. Whitfield case, a decision of this court from 2005, that court described, quote, the plea agreement that, as evinced by the record, was that the defendant would receive a maximum sentence of 25 years in prison. The court went on to explain that the plea of guilty was given in exchange for the promise of a 25-year sentence. So in that case, there was consideration, but there was no dismissal of charges. The consideration was the maximum sentence would be 25 years. And Respondent has pointed to no instance in Illinois law where the term plea agreement is used only to mean a certain subset of plea agreements. And certainly no instance in which such a narrow interpretation is applied without language indicating that such a narrowing is in order. Respondent turns to two cases to support his position. But both cases actually only reinforce that the important analysis here, the dichotomy, the relevant dichotomy, is whether the plea was, on the one hand, a plea agreement with some consideration, and on the other hand, or on the other hand, a blind plea in which no consideration was given. The first case is People v. Eckart. At issue in the Eckart case was whether 561D3 violated equal protection principles. And the claim there was raised by a defendant who had pled guilty pursuant to a plea agreement and claimed that he was being treated differently than defendants who had been, who had entered into blind pleas. This court rejected that claim. And in doing so, it found that the statute was rationally related to a legitimate state interest. And it upheld the statute because it could find a set of facts which would sustain that rational relationship, which would sustain that classification. The fact that the court used as an illustration and as its original set of, as its set of facts, a defendant who had pled guilty and a defendant who had been charged with DUI and then had that charge dismissed, does not at all suggest that other considerations, for instance, a maximum sentence, do not qualify under the statute. And indeed, when describing the term a plea agreement, this court described it as a situation in which, quote, the defendant is offered some consideration in which one who enters a blind plea does not receive. It's your position that that portion of that case would be dicta, right? Your Honor, that is correct. That is dicta. But moreover, it is not dicta that is contrary to this position in that the analysis of this court there was that it had to find one set of facts to support the fact that this court's job was done. It did not need to go farther and decide whether the other interest would be rational, whether there could be other sets of facts that would be rationally related. So not only is it dicta, but it's dicta which in no way is contrary to the people's position here. The other case ---- there's sufficient rationale to treat pleas to reckless different from convictions for reckless driving? And what would that rationale be? I'm sorry, Your Honor, could you repeat the question? The section we're dealing with deals with plea agreements and reckless driving. That's treated differently than if someone was just simply convicted or if it was a blind plea, isn't that correct? That is correct, Your Honor. And the rationale for that is there's some considerations given and not what Eckert seems to talk about in dicta? Well, Your Honor, there could be plenty of rationales for treating those groups differently. As Your Honor stated, that group, the group of defendants who pled guilty pursuant to agreements received consideration. That consideration might have been the imposition of court supervision, for instance, in which case the charges, so long as the defendant complies with the terms of the court supervision, eventually discharged. And so there certainly could be a rationale which would state that treating that defendant who received leniency, who eventually had the charge discharged, differently than a defendant who either pled blindly, didn't receive that consideration, or who went to trial. But even in a plea agreement case on a reckless driving, if the defendant gets the maximum penalty under the law, he's not eligible for court supervision for a subsequent DUI, whereas someone who enters a blind plea and gets a lesser penalty is eligible, is that correct? Well, Your Honor, under Section D1, under Section D3 specifically, the defendant who is, who goes to trial is eligible for court supervision, and that is not precluded by that statute. Generally, court supervision is only given to defendants who the circuit court would determine is not, a defendant who is not likely to commit further crimes. So certainly the fact that there had been this conviction would suggest that the defendant would, or might be likely to commit further crimes. But that is not the text of Section 561D3. And moreover, the fact that, all that there has to be, again, for this to survive rational basis review, is that there be one set of facts that suggests, that there just has to be, excuse me, one set of facts which shows that it's rationally related to a legitimate state interest. Once it passes that review, then we look to the plain language. Then we look to interpreting the statute. And under the plain language of the statute, any plea that is the result of a plea agreement triggers Section 561D3. The other case that Respondent offers in support is People v. Coon. But that case, again, just highlights that the important analysis is whether the plea was pursuant to a blind plea or a plea agreement. In Coon, this case, this court found that the defendant in that case was not precluded from receiving court supervision. And the reason was, in that case, in Coon, the defendant had, at the circuit court level, claimed that his previous plea was not subject, was not the result of a plea agreement, and that there was nothing in the file that suggested it was the result of a plea agreement. And then before this court, there was no evidence that there was any plea agreement, that the defendant had received any consideration. So there was, the burden had not been met of proving that there was a plea agreement. And that is not the case here, where there is no dispute that there is a plea agreement. It's simply not necessarily clear from the record the reason, the motivation, that the parties had in entering the plea agreement. Now, the circuit court had two additional reasons that it did not apply, did not go forward with the literal application of the statute that Respondent has not pressed here. First, the circuit court was concerned about equal protection principles. But as mentioned, this court, in the Eckhart case, already held that this court, that the statute at issue here survives rational basis review. The second was that the statute somehow created an irrebuttable presumption. But that claim, or that contention, fails for two reasons. One, there simply is no presumption in the statute. There is no ultimate fact which can be presumed from a predicate fact. There is only one fact, whether the plea was subject to a plea agreement. There is nothing that that presumes. That simple finding is all that is necessary to trigger 561D. And moreover, these sorts of presumptions are only a problem when they go to the underlying elements, the elements of the criminal offense, not to the length of the statute, which is the issue here. And unless the court has any other questions, we would argue that the statute is constitutional, that the language is clear, and that defendant's respondent, excuse me, fits under the plain language of the statute. And therefore, this court should issue an indemnis order. Counsel, I do have a question. I'll make sure I've got this right. I mean, your entire argument is based on that there was a plea agreement, right? That's correct. And the State's the obvious. Now, the State's Attorney of Iroquois County signed off, whether signed off, at least was of record agreeing to this on behalf of the people. That's correct. And now the people challenge what they agreed to. I'm sorry. I don't understand. Well, the people, the State's Attorney, agreed to the agreement. Then the people brought a motion later challenging that agreement. Is that right? No. I'm sorry, Your Honor. The plea agreement that I was discussing, and I'm sorry for not making this clear, was in the 2002 reckless driving plea. In this 2007 case in which defendant pled guilty, there was no agreement. There was no agreement. No. There was no agreement in that case that the court simply imposed court supervision so that there was no signing off by the Assistant State's Attorney. So then going back to what Justice Carmire talked about, in terms of the scenario where there's a bench ruling or there's no agreement, does the statute still apply then? Section 561d3 does not apply to that situation. Again, there's a general court supervision generally under the statute should only be applied when a defendant has shown that he is not likely to commit further crimes. But those specific instances do not apply. And the General Assembly was free, though, to go one step at a time and to proceed as it chose. So I'm perfectly clear. You're talking about the blind plea or the finding of guilty after a trial is in the earlier offense, not in the present offense. Right. Correct. The important analysis is whether in the previous offense, in 02, the plea was blind or pursuant to an agreement. That's the issue. That's the relevant analysis. That's what triggers whether the statute applies in this particular case. Exactly, Your Honor. So in this particular case, it wouldn't make any difference whether it's a blind plea, a trial. In the 2007 case, no. Right. Once the charge for driving under the influence is made and there was the previous plea pursuant to a plea agreement, in 2007, the respondent was precluded by this statute from receiving court supervision. And I thought from reading your brief references you made on page 7 that the record is unclear about the prior DUI proceedings, about why the DUI was dismissed and the terms of it. I mean, is it even clear in the record that there was an agreement? Your Honor, it's certainly clear that there was an agreement and that pursuant to this agreement, the defendant pled guilty, was given court supervision, received some additional fines, and that the State dismissed the DUI charges. What's not in the record is the motivation that the parties had, that the people had in entering into the plea, nor the motivation that the defendant had, the respondent, excuse me, had in entering into the plea. But again, that fact, the motivation of the parties is not an issue. And it would certainly be extremely difficult to envision a situation in which that fact, the reason, the motivations of the parties were put on the record. I mean, that would, you know, the plea bargaining process is complex. There could be numerous motivations. The parties might not agree as to the relative strength of the case. But that in no way would change the importance of the plea bargaining process. In the 2001 or 2002 case, the defendant was actually charged with DUI and with reckless driving at the outset, was he not? That's correct, Your Honor. And his argument is that he, there was no reduction of the DUI to a reckless, and therefore this doesn't apply because he pled, even though there was a plea agreement, the motivation was not a reduction of the DUI. Exactly. His argument is that the State theoretically, the people could have decided to dismiss the charges, that the motivation. You're saying that doesn't make any difference. If there was any kind of a plea agreement, and if it was just a charge of reckless driving back in 2002 and there was a plea agreement, he's not eligible for court supervision in 2007. That's right. That's the plain language of the statute. In this case, we have, as you mentioned, the DUI charge in 2001 that was dismissed pursuant to the agreement. But even if that hadn't been there, this statute would be triggered. Thank you, Your Honors. Mr. Boyer, you may proceed. Thank you, Your Honor. Please record, counsel. My name is Ronald Boyer, and I represent one of the respondents in this proceeding, and that's Kyle Kissick, who, of course, was the defendant in the two cases, one from 2002 and the other from 2007. In my opinion, the main fallacy with the State's argument and the State's petition for an order of mandamus in this case is their interpretation or misinterpretation of 5-6-1D of the vehicle code. What the State is saying to you is that any plea agreement regarding reckless driving results in a person who is subsequently charged with driving under the influence from being allowed court supervision. It doesn't make, according to the State, any difference what the nature of the plea agreement was. It doesn't make any difference what the terms of the plea agreement were. It's because if it's a plea agreement, it affects the subsequent DUI sentencing procedure. That cannot be. That was not the intention of this statute, and, Your Honors, this Court has already ruled what the purpose of that particular section was. Let me put it this way. The most cases, in my experience, and I've been practicing for 40 years, are dealt with by plea bargaining. DUIs, reckless driving, and the like, I can't give you a percentage, but I think we all know that. It has to be done that way. So the State says that any time there's a reckless driving charge and there's a plea agreement, that affects a subsequent DUI charge. So they mean by that, let's suppose that a person is charged with reckless driving and they enter into a plea agreement whereby the person will get probation, where the person will get a certain fine for his plea of guilty, or he will get conditional discharge for his plea of guilty. The State is saying even if those are the terms of the plea agreement, it doesn't make any difference. It's a plea agreement, and, therefore, it makes the person convicted of that or given court supervision on it ineligible for court supervision on a subsequent DUI. Mr. Boyer? Yes, Your Honor. And I know you have a response to the State's position as to what the statute says, but would you agree there would be a rational basis for such a policy, namely that DUI offenders who have had reckless driving in their past should be subject to stricter penalties? I think they're totally unrelated, Your Honor. You could say that. There's no rational basis there for such a policy? I don't think there is. You could say that about a speeder who's going over 100 miles an hour. They could make that, under that theory or philosophy, a preclusion of getting court supervision at a subsequent time. I think that the rational basis is that charges that preceded the present DUI must be related somehow to alcohol. And that was the purpose and the intention of the legislature in enacting this. You see, when I go way back, and there was a period of time, and I don't think it's true anymore to the extent that it was, that DUIs were frequently disposed of by a reduction through a plea agreement to reckless driving. When I was a prosecutor, we did that quite regularly and quite frequently. And then when this statute was adopted, which I think was in the mid-90s, early 90s, something like that, the legislature had realized that fact and that a lot of people were getting a double break. They were getting a break by having their initial DUI charge reduce the reckless, and then they were getting a second break when they got their second DUI and being eligible for court supervision on the second DUI. And that's what the legislature was intending to preclude. And you said this yourselves in the Eckhart decision. Counsel, if I may. Yes, Your Honor. We heard that the trial judge here said at some point that technically the statute required supervision on the later charge. From that, it seemed that he was saying that the literal reading of the statute would prohibit the subsequent supervision. That's correct. Contained within your argument, do you agree to that? I agree that a technical, literal interpretation of the statute without resorting to looking at the purpose of the statute would preclude my client from receiving court supervision on a subsequent DUI. And, you know, I do really understand what you're saying when you say the purpose of the statute, because it makes perfect sense, for one thing. But what is there in statutory interpretation that permits us with this statute to go beyond the plain language of the statute and look into something else? Because to interpret the statute as the state would have you interpret it leads to a result that is not only in the intent, with the intent of the legislature, but in my opinion it is absurd and not reasonably related to the purpose of this statute. This statute, Your Honors, When you say that, that just ties into the claim that it's absurd, not that there's a constitutional problem. Judge, we're not arguing it's unconstitutional. I understand that. But it sounded, the last statement sounded a little like what you might hear if it was a constitutional problem. Well, perhaps. And I may believe that it's unconstitutional. What you're saying is, are you saying the statute is ambiguous? I am saying that the statute is ambiguous. Yes. It's ambiguous because, I mean, first of all, you've got to look at where it's located. I mean, it was adopted as a part of a supervision provision regarding DUIs. And it sets forth when a person may not receive court supervision for a DUI. One is when they've been convicted of a prior DUI or received court supervision with regard to the same. And the second or the third one is when there has been a reduction. Well, it doesn't say reduction. Okay. It says that when there is a conviction for reckless driving, which was the result of a plea agreement. Now, literally, State's right, that literally that means any plea agreement, I suppose. Even if the reckless driving was the plea agreement had to do with you're going to pay a $200 fine rather than a $500 fine. Even when the plea agreement involves what the State recommends for a sentence, which has got nothing to do with DUI. And so it just wasn't the purpose of this statute to be interpreted the way the State wants to. And you said that, Your Honors, in Eckhart. Mr. Boyer, just something that you said in passing to Justice Fitzgerald. You are not relying on the, whatever it was, due process equal protection argument made by the trial court. No, I am not, Judge. You seem to have problems. I think you ruled on those issues. And all I am doing is our position is simply this, that the State's interpretation of this statute is way too broad and was not intended by the legislature, that the statute should be interpreted to mean that you're ineligible for supervision only when the prior reckless driving conviction was a reduction from a prior DUI. That's what was intended, and that's exactly what you said in Eckhart. It was intended, but not written. It wasn't written that way, was it? Mr. Boyer, would you agree that the State could prohibit court supervision on the first DUI, should it see fit to do so? I do. Then how would you respond to the argument that could be made that if they can prohibit it, they can put any conditions on it, including no prior convictions for speeding or reckless driving or anything else? I believe that they could probably do that. There would be a question in my mind as to the rational relationship between that type of provision and what they're attempting to do with DUIs, but my position is that was not the purpose or the intent of this particular statute. So your argument is focusing on the legislative intent. That's right. And your decision, Your Honor, in Eckhart, which said that the purpose of this section is to preclude supervision to those previously convicted of DUI, but also to those who have been charged with that offense and plea bargained for the lesser offense of reckless driving. That's exactly what was said. But, Mr. Boyer, in this case, how are we to know if that was part of the plea agreement? In this particular case, that's a problem. Because it's two separate charges. It's two separate charges, and we argued that on our brief, and I was going to get to that, and I'll get to it right now. Because it would seem that every time there was a plea agreement that would have to be articulated, this was a reduction. Or show on the record that it was a reduction. But as you indicated, and this was the judge's problem, his record, which he interpreted, from the 2002 DUI involved, as has already been noted here, two separate charges. One was a DUI, and the other was reckless driving. So there was no reduction from DUI to reckless driving. The defendant simply pled guilty to the reckless driving. And it does not indicate that the plea was the result of a plea agreement to reckless driving. It's ambiguous. I mean, I'm not standing here and saying that it's crystal clear. But then it says that the docket entry of the judge, that pursuant to plea agreement, the DUI is dismissed. So the judge's problem was, was this plea of guilty to reckless driving some type of benefit to the defendant because the DUI was being dismissed? And he ruled he couldn't reach that conclusion. So what the state ‑‑ So then are you saying that there's a factual issue here? I am. And the factual issue is the judge's interpretation of his own record. And he interpreted for his record to be void as to whether or not the DUI, and it wasn't ‑‑ I'm sorry, the reckless driving supervision. The defendant actually got supervision on that reckless driving rather than a conviction whether it was the result or had anything to do with the DUI charge. We have to assume the police officer charged my client both with DUI and with reckless driving. That's unusual. There must have been something there for both charges to exist. So the judge's problem was, well, record doesn't say that the plea to the reckless was a result of the DUI. Now, in most cases, the record will be clear. The defendant is charged with DUI. Record will show that, okay, the state through plea negotiations reduces the DUI to reckless driving and the defendant pleads guilty. That's going to be there. But in this case, it's not there because of the fact that there were two separate charges. So my position with regard to that is it is a factual issue. But it's only a factual issue if we do not accept the literal reading of the statute. Exactly. Yeah. And that's why I started the argument with how you interpret statute. And then we have to talk about this case and how it applies to the statute. And Judge Kinzer interpreted it to be lacking the record as to whether or not the reckless driving was the result of a reduction. Yes, Your Honor. Explain to me why the portion of record that you want to rely upon is not gifted in this case. It appears that the holding of record would be that persons who enter a blind plea are taking their chances, and as long as the negotiated plea, they're offered some consideration. It seems like that would be enough for the holding. And once that conclusion was reached, there was really no reason to go and point out that in most cases a negotiated reckless driving plea will involve dismissal of a DUI charge. And the specific reason why I'm asking you that it isn't dicta, it's by agreement here. It flies in the face of the straight reading of the statute. You agree with that. The interpretation that you draw from what, at least at this point, I'm calling dicta in that group, lies in the face of the plain reading. And wouldn't it have been very easy for the legislature to put in restrictive language, which they did not in the statute? Okay. Judge, to attempt to answer your question, I do not believe this was dicta in your Eckhart decision. You say in the next to the last paragraph, the next focus of inquiry is whether the denial of supervision to those who, pursuant to a plea agreement, have pled guilty to or stipulated the facts supporting a charge or a finding of guilty of a violation within the last five years is rationally related to the goal of highway safety. And you made a ruling on that, that it was rationally related to the goal of highway safety, by pointing out what the focus of this section meant. And you reached the conclusion of the rational relationship because of the purpose or focus, because the legislature was attempting to prevent a person who was previously charged with DUI, but was reduced to reckless driving, from having the benefit of a supervision thereafter. The purpose of the, you pointed out specifically, the purpose of this was to promote highway safety by preventing a person who has two charges involving alcohol from receiving the benefit of the court supervision statute. So I disagree with you, Your Honor. I don't think it was dicta. And I forget what the rest of the question was. Well, I just said, especially when your interpretation of that indeed was the holding flies into, and not dicta, flies in the face of the plain reading of the statute, which everybody here agrees, and the fact that the legislature knows how to put in restrictive language where they want to. That's true. But, Judge, I hope, I know this court would not want to interpret this section other than what the legislature intended. And I know it would not want to interpret it so that every time somebody, almost every time somebody has a reckless driving conviction, that it can't get court supervision on a subsequent DUI. That is not what the purpose of this was. And anyway, I see I have a yellow light. I appreciate and ask that you deny this motion or petition for a order mandamus on both bases. That is a question of fact as to what the record shows in this case, and second, that the state is erroneously interpreting this statute. Thank you very much. Thank you, Mr. Boyer. Mr. Mallamy, if you might proceed. Thank you, Your Honors. Just a couple quick points. First, the most important thing here is that, as Your Honor stated, everyone agrees that under the plain reading of the statute, the defendant was, the respondent was ineligible for court supervision. The literal application of the statute precludes respondent from having received court supervision. And that is the termination of the case. Once that is agreed upon, the court does not go beyond that to look at the legislative intent and does not seek to look beyond the plain meaning when the meaning is plain. Now, further, the argument here is that perhaps the legislature, that there wasn't a specific intent to apply for the statute to apply to the situation here. But this isn't really an argument that that application would be absurd. It's just an argument that this was not the main focus. And it is possible that the legislature knew how difficult it would be to address the motivation in the facts. But that's an argument that there's an imperfect fit between what the legislature intended and what the statute actually reads. And that's an argument of constitutional, that's an argument that goes to whether the statute is constitutional, not how the language is interpreted. And here, the fact is that it's simply not an absurd result for the statute to apply to the respondent. The goals of the statute, as stated in Eckhart, are highway safety, to reduce recidivism, and to limit court supervision to only a certain subset of defendants. And, again, the primary analysis is that... It's a terrific argument, but why make the distinction between blind pleas, findings, and pleas that result from a plea bargain? Well, Your Honor... You're only addressing your present argument. Addressing the present argument being... Why make this good argument about reckless driving alone could be a highway safety issue? It would be a good thing that people who got drunk driving cases didn't also have a reckless driving in their background. Well, Your Honor... The only thing that argues against that argument is we're not concerned with reckless driving if there's a blind plea or if there's a contested finding of guilty. A couple things, Your Honor. First, to survive the rational basis review, there just has to be one set of facts that supports the legislation. Second, the legislature... I'm not disagreeing with that at all, but we're not faced with a constitutional issue here because it hasn't been raised. That's right, Your Honor. But the question is whether it's an absurd result. That's what the respondent might be arguing. Because once the meaning is plain, the intent of the legislature does not override... Even if that intent were somehow different, that does not override the plain meaning. But just moreover, the argument isn't that the General Assembly meant to exclude this group of reckless drivers, but rather that it wasn't the specific focus of the General Assembly. But that's not the kind of absurdity that would allow this Court to look past the plain meaning, which, as we now know everyone agrees, would preclude defendant from receiving court supervision. And that's, again, the main focus here. There is no factual dispute that there was a plea agreement in 2002, and that the defendant pled guilty to reckless driving pursuant to a plea agreement. Under the plain language of the statute, when the defendant was then charged in 2007 with driving under the influence, he was precluded from receiving court supervision. And because of that, this Court should issue a mandamus order requiring the Circuit Court of Iroquois County to sentence the defendant as required by the Unified Code of Corrections. Counsel, I know Mr. Boyer argued that Eckhart seemed to be his main case, but the judge's order specifically says he finds that the Kuhn case, K-U-H-N, was the one that requires evidence of what type of plea agreement was available. I know you've argued that it's distinguishable and so forth, but I want to make sure I hear your oral explanation of why you think that case doesn't answer the problem with the application of the statute. In the Kuhn case, the defendant at the Circuit Court level argued that his previous plea to reckless driving was not pursuant to a plea agreement. He brought the court file to the courtroom and said, nothing in here suggests that it was a plea agreement when previously I pled guilty. And then when the case was up before this Court, that original court file was not even in evidence, was not in the record. And so this Court had no basis on which to find any plea agreements. So there was a complete absence of evidence that the previous plea of guilty had been the result of a plea agreement. There was, the issue was not what kind of plea agreement the defendant had entered into. And the Court didn't say, this Court did not say at all include that there had to be evidence that the plea agreement was of a certain nature and had certain motivations, that certain motivations underlay that plea agreement. And as discussed earlier, the requiring that kind of factual discussion would greatly inhibit the use of plea bargaining. And indeed, there might be different motivations, multiple motivations of each party that might not, and they might not agree as to what the motivation should be. But that in no way reduces the efficacy of the plea and the plea agreement. And just to go back to one question I asked you before, I did get a chance to look in your appendix. There is the docket entry. I was confused initially about the disposition in the 07 case. But the docket entry does show Mr. Boyer was present and the Assistant State's Attorney O'Brien was present when the plea was approved, but apparently not a plea agreement. That's right. The Respondent pled guilty, and then the Court imposed court supervision and the various other things. But that was not a plea agreement. But at the time, the Assistant State's Attorney made no objection to that. Your Honor, there's nothing in the record about that. I believe that the Assistant State's Attorney did object at the time and also filed a motion to reconsider the void sentence shortly thereafter. I know there's a motion to reconsider, but at least on the face of what transpired at the time this disposition was granted, this being challenged, there's no indication the judge entertained any argument or objections from the State that this is a void disposition. There's no evidence that at that time there was. Obviously, when the motion for void sentence, that included arguments on that issue. Unless there are any further questions, thank you, Your Honors. Thank you, Counsel.